[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-15691

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 4, 2007
THOMAS K. KAHN
CLERK

D. C. Docket No. 02-21485 CV-CMA

STEPHANE E. CHAYEGAN,

                                                          Plaintiff-Appellant,

versus

L'OREAL, S.A.,
A French corporation,
PARBEL OF FLORIDA, INC.,
A New York Corporation,

                                                          Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(April 4, 2007)**

Before ANDERSON and BARKETT, Circuit Judges, and STROM,[*] District Judge.

_____

[*]Honorable Lyle E. Strom, United States District Judge for the District of Nebraska, sitting by designation.

PER CURIAM:

After oral argument and careful consideration of the record, we conclude that the judgment of the district court is due to be affirmed. With respect to the plaintiff's claim that the promotion which his immediate superior, Lauzat, offered him on October 18, 2000, was denied for discriminatory reasons, we assume arguendo that there were genuine issues of material fact sufficient to avoid summary judgment. However, we also conclude that the jury necessarily rejected plaintiff's arguments in this regard. In other words, in light of the evidence submitted to the jury, the jury instructions, and the plaintiff's arguments to the jury to support plaintiff's position at trial, we conclude that the jury's rejection of plaintiff's termination arguments necessarily meant that the jury rejected plaintiff's argument that defendant discriminated against plaintiff, as well as plaintiff's argument that the worldwide sales coordinator position was a sham offer, merely a pretext to induce plaintiff to resign as defendant allegedly desired for discriminatory reasons.[1]

---

[1] The jury's verdict finding that plaintiff had not been terminated necessarily entailed the rejection of plaintiff's theory based on Thomas v. Dillard Department Stores, 116 F.3d 1432 (11th Cir. 1997), as well as the rejection of the allegedly discriminatory comments, as these were introduced to establish, inter alia, the defendant's intent to terminate plaintiff under Thomas. Thus, plaintiff would be precluded from arguing that the sham offer or the comments render the defendant's proffered reasons for denying the promotion pretextual. Arguably, the jury's verdict does not foreclose plaintiff from arguing that the reasons themselves are false; however, we agree with the district court and the magistrate judge that plaintiff has failed to rebut each of the

With respect to plaintiff's claims of retaliation, we conclude that plaintiff's primary claim is without merit because the defendant's decision to deny the promotion suggested by Lauzat was made before any protected activity on the part of plaintiff. We also find no merit in plaintiff's other claims of retaliation, or in his breach of contract, antitrust, and other employment discrimination claims.

Accordingly, the judgment of the district court is

**AFFIRMED.**

---

proffered nondiscriminatory reasons given by the defendant for the denial.